**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 11, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ERNEST NJAGI MUTHARA,

    Defendant - Appellant.

No. 18-3024
(D.C. No. 2:15-CV-09091-CM)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **HOLMES**, Circuit Judges.
_____

Ernest Njagi Muthara appeals the district court's order revoking his citizenship

and canceling his certificate of naturalization. *See* 8 U.S.C. § 1451(a). We exercise

jurisdiction under 28 U.S.C. § 1291 and affirm.

**I. Background**

Mr. Muthara was born in Kenya. He became a permanent resident of the

United States in 2005 and a naturalized citizen in July 2008. Nearly seven years

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

later, the government initiated denaturalization proceedings against him, alleging he had illegally procured his citizenship because (1) he was not lawfully admitted for permanent residence, (2) he failed to live in marital union with his United States citizen spouse, (3) he concealed material facts and made willful misrepresentations in connection with his naturalization application and interview, and (4) he failed to demonstrate good moral character by providing false testimony related to his naturalization application.

The district court held a bench trial and concluded that each ground supported revoking Mr. Muthara's citizenship. Mr. Muthara argues that the district court erred by ruling that (1) he willfully submitted a fraudulent divorce decree, (2) he willfully misrepresented that he lived at the same address as his wife, (3) he willfully misrepresented the number of children he had, and (4) he lacked good moral character. We affirm because his third and fourth arguments lack merit and each of these grounds supports revocation.

## II. Analysis

"In an appeal from a bench trial, we review the district court's factual findings for clear error and its legal conclusions de novo." *Keys Youth Servs., Inc. v. City of Olathe*, 248 F.3d 1267, 1274 (10th Cir. 2001).

The government may bring denaturalization proceedings under § 1451(a) against a naturalized citizen who has "illegally procured" his citizenship or has procured it "by concealment of a material fact or by willful misrepresentation." Failure to "compl[y] with all the congressionally imposed prerequisites to the

acquisition of citizenship . . . renders the certificate of citizenship illegally procured." *Fedorenko v. United States*, 449 U.S. 490, 506 (1981) (internal quotation marks omitted). The concealment provision is satisfied where "the naturalized citizen [has] misrepresented or concealed some fact, the misrepresentation or concealment [is] willful, the fact [is] material, and the naturalized citizen . . . procured citizenship as a result of the misrepresentation or concealment." *Kungys v. United States*, 485 U.S. 759, 767 (1988). "The evidence justifying revocation of citizenship must be clear, unequivocal, and convincing and not leave the issue in doubt." *Fedorenko*, 449 U.S. at 505 (internal quotation marks omitted).

It is undisputed that in August 2007, Mr. Muthara, while claiming to be married to a U.S. citizen, had a child with a woman who was not his wife. Yet he did not disclose the child's existence on his naturalization application or during the naturalization interview. Although Mr. Muthara was present for the child's birth and is listed as the father on her birth certificate, which he signed, he argues that he initially had reason to doubt his paternity. He also argues that "the issue of paternity/parentage under Kansas laws is not closed because the child after attaining majority may petition the court to make a determination of her parentage." Aplt. Opening Br. at 13. Before the district court, however, he stipulated that he is the child's father. The district court properly concluded that Mr. Muthara willfully misrepresented the number of children he had in sworn testimony during his naturalization interview. Indeed, in his opening brief Mr. Muthara concedes that due to his daughter's pronounced resemblance to him, "he was no more doubting

3

paternity" by February 2008, two months before the interview. *Id.* at 6. Mr. Muthara does not challenge the district court's conclusions that he obtained an immigration benefit and that the misrepresentation was material, so we will not consider those issues. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[T]he omission of an issue in an opening brief generally forfeits appellate consideration of that issue."). Thus, we discern no basis for reversing the district court's conclusion that the concealment provision was satisfied by clear and convincing evidence.

Further, because "[n]o person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established . . . has given false testimony for the purpose of obtaining [immigration] benefits," 8 U.S.C. § 1101(f)(6), the district court also properly concluded that revocation was supported on the basis of Mr. Muthara's lack of good moral character. *See United States v. Sheshtawy*, 714 F.2d 1038, 1041 (10th Cir. 1983) ("[I]n denaturalization proceedings, section 1101(f)(6) applies . . . to false testimony concerning material facts.").

## III. Conclusion

We affirm the district court's judgment. We deny Mr. Muthara's motions to seal, *see* 10th Cir. R. 30.1(D)(6), because despite two orders from this court directing him to address whether sealing could be avoided by redaction, he has not done so, *see Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135-36

(10th Cir. 2011) (noting the strong presumption in favor of public access to judicial records).

Entered for the Court


Bobby R. Baldock
Circuit Judge